IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODRIGO SANDOVAL LIERA,

    Petitioner,

v.

SHARON BLACKETTER,

    Respondent.

CV. 06-1292-PA

OPINION AND ORDER

LISA C. HAY
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

HARDY MYERS
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Oregon Department of Justice
162 Court Street, NE
Salem, OR 97301

    Attorneys for Respondents

1 - ORDER

PANNER, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his state conviction on the basis he received ineffective assistance of counsel. For the reasons set forth below, Petitioner's habeas corpus petition (#2) is DENIED, and this proceeding dismissed.

## BACKGROUND

In 1999, Petitioner was convicted of three counts of Delivery of a Controlled Substance in two cases that were consolidated for trial. Petitioner was sentenced in Josephine County Circuit Court and has a projected release date of April 19, 2010. (Respt.'s Ex. 101.)

Petitioner directly appealed his conviction, then moved to dismiss the appeal. The Oregon Court of Appeals granted Petitioner's motion and appellate judgment issued March 19, 2001. (Respt.'s Ex. 102.)

On January 11, 2002, Petitioner filed for post-conviction relief (PCR) alleging ineffective assistance of counsel. The PCR trial court denied relief. (Respt.'s Ex. 104.) The Oregon Court of Appeals summarily affirmed, (Respt.'s Ex. 105), and the Oregon Supreme Court denied review on September 27, 2005. (Respt.'s Ex. 106.)

Petitioner filed the instant petition on September 8, 2006,

2 - ORDER

alleging ineffective assistance of trial counsel when counsel failed to move to sever Petitioner's two cases. Petitioner concedes his petition is untimely, but argues equitable tolling of the limitation period is warranted, or, alternatively, seeks a hearing to present evidence tolling should apply. (Petr.'s Reply on the Issue of Timeliness, 2,14, docket #20.) Respondent argues equitable tolling is not justified, and contends that, in any event, Petitioner's claim is procedurally defaulted. (Respt.'s Sur-Reply on the Issue of Timeliness, 1, docket #25.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted on April 24, 1996. Pursuant to the AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. §2244(d)(2). Petitioner acknowledges he filed the instant petition beyond the one-year limitation period, but he urges the court to apply equitable tolling. For the reasons set forth below, I find neither equitable tolling nor a hearing on the issue is warranted.

A. Equitable Tolling

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation period

is subject to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). That said, the threshold for justifying equitable tolling is very high, making it unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Equitable tolling may be justified when wrongful conduct prevents a prisoner from filing; when a prison library's inadequacies prevent filing; when a prisoner is denied access to his files; or when an attorney's egregious conduct prevents timely filing. *Id.* However, an attorney's miscalculation of the limitation period does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances). Nor does an inmate's ignorance of the law and lack

4 - ORDER

of legal sophistication warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

It is the burden of a petitioner seeking equitable tolling to establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented the filing of a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has not met this burden.

Petitioner argues "[he was] thwarted in his efforts to seek federal relief by the inadequacies of state-appointed post-conviction counsel." (Petr.'s Reply, 5, docket #20.) Petitioner contends "post-conviction counsel failed to keep him informed of the proceedings, provided misleading information, and failed to provide him with his documents . . . caus[ing] him to miss the deadline for filing a federal habeas petition." (*Id.*) As evidence of his diligence and that counsel thwarted his efforts to seek federal relief, Petitioner presents letters he sent to counsel. (Attachments, Petr.'s Reply, docket #20.)

Petitioner's letters show he sought information about the status of his PCR proceedings, sought guidance about the process he was engaged in because he did not understand it, and wished to know if there was anything he should be doing on his case. The letters do not, however, show Petitioner requested his files from PCR counsel and that counsel was unresponsive to his requests, or that counsel engaged in wrongful conduct with respect to his files.

5 - ORDER

Thus, he has not shown extraordinary circumstances beyond his control interfered with obtaining his files. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (retained attorney unresponsive to repeated requests for files by petitioner and his family), *United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004) (attorney improperly withholding trial transcripts and refusing to cooperate), and *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (documents not returned despite repeated requests and demands from petitioner and his family). Nor do Petitioner's letters show that he was diligently pursuing his federal habeas rights. He simply inquired about the status of his post-conviction proceedings and what, if anything, he should be doing on his case.

Petitioner argues post-conviction counsel failed to give him information and gave him misinformation as to the disposition of his PCR appeal, and that this caused him to be untimely with his federal habeas petition. However, Petitioner's reliance on misinformation about the status of his PCR proceedings is analogous to an inmate's reliance on an attorney's miscalculation of the statute of limitations, which the Supreme Court has held does not constitute extraordinary circumstances to warrant equitable tolling, particularly in a post-conviction setting in which there is no constitutional right to counsel. *Lawrence*, 127 S.Ct. at 1085; *see also Frye*, 273 F.3d at 1146. Petitioner's obvious lack of knowledge about federal habeas proceedings and the applicable

6 - ORDER

AEDPA limitation period also does not constitute extraordinary circumstance so as to warrant equitable tolling. *Raspberry*, 448 F.3d at 1154.

Petitioner has not demonstrated extraordinary circumstances made it impossible to file a timely federal habeas petition, and, accordingly, equitable tolling is not warranted. Furthermore, as Petitioner acknowledges, the Ninth Circuit has rejected the argument that errors of post-conviction counsel can constitute cause under the cause and prejudice standard for excusing procedural default. *Miranda*, 292 F.3d at 1067-68.

B. <u>Evidentiary Hearing</u>

Petitioner seeks an evidentiary hearing to support his arguments for equitable tolling. However, Petitioner has not shown the court that a hearing is warranted.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true,* entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied Belleque v. Kephart*, 127 S. Ct. 1880 (2007). Equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently pursuing federal habeas relief and that some extraordinary circumstances stood in his way. As discussed above, Petitioner's allegations do not entitle him to equitable tolling and, therefore, there is no basis

for granting an evidentiary hearing.

Because Petitioner's habeas petition is untimely under the AEDPA and equitable tolling is not justified, I do not address the merits of Petitioner's claim, or Respondent's contention that the claim is procedurally defaulted.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is DENIED and this proceeding DISMISSED.

IT IS SO ORDERED.

DATED this 24 day of January, 2008.

                              OWEN M. PANNER
                              United States District Judge